OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF HENGES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF HENGES
2015 OK 72
Case Number: SCBD-6267
Decided: 11/03/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 72, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY NOT RELEASED FOR PUBLICATION. 

IN THE MATTER OF THE REINSTATEMENT OF: JAMES WILLIAM HENGES, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORDER

¶1 Petitioner, James William Henges, graduated from Oklahoma City University School of Law in May, 1994. After graduation, Petitioner successfully passed the Texas Bar Examination and was admitted to the State Bar of Texas on November 4, 1994.

¶2 In September, 1995, Petitioner successfully passed the Oklahoma Bar Exam and was admitted to the Oklahoma Bar Association on September 28, 1995.

¶3 In September, 1995, Petitioner relocated to Tulsa, Oklahoma and practiced law for approximately nine months before returning to his hometown of Beaumont, Texas. Petitioner has continuously lived and practiced law in Beaumont since July, 1996.

¶4 In October, 1995, Petitioner was awarded an LL.M. in Labor & Employment Law from Georgetown University Law School in Washington, D.C.

¶5 Petitioner maintained his Oklahoma Bar license for two years after returning to Beaumont. Due to lack of use, Petitioner decided to let his Oklahoma law license lapse. On July 6, 1999, Petitioner was suspended from the practice of law for failure to pay his 1999 bar dues and non-compliance with the Rules of the Oklahoma Supreme Court governing Continuing Legal Education. On September 18, 2000, Petitioner's name was stricken from the Roll of Attorneys for those reasons.

¶6 Petitioner has never participated in any legal matter in Oklahoma or engaged in the unauthorized practice of law in Oklahoma since leaving the state in 1996.

¶7 Petitioner passed the Louisiana State Bar Examination, and on April 23, 2013, Petitioner was admitted to the Louisiana State Bar Association. He is currently a member in good standing.

¶8 On December 31, 2014, Petitioner complied with the strict requirements to become board certified in Labor & Employment law by the Texas Board of Legal Specialization.

¶9 Petitioner states that he does not plan to actively pursue or build a practice in Oklahoma. However, his firm in Beaumont is encouraging him to become licensed in Oklahoma to better serve their clients.

¶10 Upon consideration of the matter, we find the record shows by clear and convincing evidence the following:

1. Petitioner has not been disbarred from the Oklahoma Bar Association or any other state or federal bar and has not resigned pending disciplinary proceedings from the Oklahoma Bar Association or any other state or federal bar.

2. Pursuant to Rule 11.1(a), Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, Petitioner submitted affidavits from the Court Clerks for Tulsa and Oklahoma Counties, Oklahoma, stating that he has not practiced law in either county at any time after September 17 or 18, 2000, respectively. Petitioner attests his only place of residence since his name was stricken from the Oklahoma Roll of Attorneys is Beaumont, Texas.

3. A hearing was conducted before the Professional Responsibility Tribunal Trial Panel on July 28, 2015. Three witnesses presented themselves on behalf of the Petitioner and testified as to his good moral character and competence in the law.

4. Petitioner stated that he is current on Continuing Legal Education requirements with the State Bar of Texas, the Louisiana State Bar Association, and the Texas Board of Legal Specialization. A Certificate of Compliance was submitted by the Oklahoma Bar Association Mandatory Continuing Legal Education Administrator stating Petitioner complied with the CLE requirements for 1998 and 1999. Furthermore, Petitioner attests that during the first six months of 2015, he accumulated 15 hours of CLE from the Defense Research Institute, whose courses are approved not only in Texas and Louisiana, but also in Oklahoma. Petitioner asserts he has shown by clear and convincing evidence that he has continued to study and has kept himself informed as to current developments in the law sufficient to maintain his competency.

5. The Trial Panel filed its report on September 15, 2015, and determined by clear and convincing evidence that Petitioner has complied with all procedural rules governing reinstatement of attorneys according to the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, and unanimously recommends that Petitioner's Petition for Reinstatement to the Oklahoma Bar Association should be approved. The Oklahoma Bar Association also recommends that Petitioner should be reinstated to the practice of law.

6. The Oklahoma Bar Association filed an Application to Assess Costs in the amount of $91.85.

7. Petitioner provided an affidavit from the Oklahoma Bar Association verifying he has paid in full a total of $900.00 in back dues and late fees.

¶11 IT IS THEREFORE ORDERED that Petitioner, James William Henges, is reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma. Petitioner shall pay costs in the amount of $91.85 within thirty (30) days of the date of this order.

¶12 IT IS ALSO ORDERED that Petitioner is responsible for paying membership dues to the Oklahoma Bar Association for the current year. Reinstatement is conditioned upon payment of 2015 dues within thirty (30) days of the date of this order.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 2ND DAY OF NOVEMBER, 2015.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.